

# IN THE COURT OF CRIMINAL APPEALS OF TEXAS

## NO. WR-80,680-02

### EX PARTE DEVRON A. HODGES, Applicant

### ON APPLICATION FOR A WRIT OF HABEAS CORPUS
### CAUSE NO. 12-07-9376-CR IN THE 25ᵀᴴ DISTRICT COURT
### FROM LAVACA COUNTY

*Per curiam*.

### O R D E R

Pursuant to the provisions of Article 11.07 of the Texas Code of Criminal Procedure, the clerk of the trial court transmitted to this Court this application for a writ of habeas corpus. *Ex parte Young*, 418 S.W.2d 824, 826 (Tex. Crim. App. 1967). Applicant was convicted of robbery and sentenced to ten years' imprisonment. He did not appeal his conviction.

Applicant contends that his plea was involuntary because the prosecution did not turn over the complainant's exculpatory recantation of his statement prior to Applicant's plea. He also alleges that the recantation shows that he is actually innocent of robbery. Applicant has alleged facts that, if true, might entitle him to relief. *Ex parte Elizondo*, 947 S.W.2d 202, 209 (Tex. Crim. App. 1996). In these circumstances, additional facts are needed. As we held in *Ex parte Rodriguez*, 334 S.W.2d

294, 294 (Tex. Crim. App. 1960), the trial court is the appropriate forum for findings of fact. The trial court may use any means set out in TEX. CODE CRIM. PROC. art. 11.07, § 3(d).

It appears that Applicant is represented by counsel. If he is not and the trial court elects to hold a hearing, it shall determine whether Applicant is indigent. If Applicant is indigent and wishes to be represented by counsel, the trial court shall appoint an attorney to represent Applicant at the hearing. TEX. CODE CRIM. PROC. art. 26.04.

The trial court shall make findings of fact and conclusions of law in regard to Applicant's claims that he is actually innocent and that his plea was involuntary. The trial court shall determine whether the complainant in this case informed the prosecution or police that Applicant did not rob him, but had his permission to use his credit card, prior to Applicant's plea. If so, the trial court shall determine whether that information was ever disclosed to the defense, and if it was disclosed, when. If the complainant recanted his initial statement that he was robbed by Applicant, the trial court shall determine whether in light of that recantation, it is more likely than not that no reasonable juror would have convicted Applicant. The trial court shall also make any other findings of fact and conclusions of law that it deems relevant and appropriate to the disposition of Applicant's claim for habeas corpus relief.

This application will be held in abeyance until the trial court has resolved the fact issues. The issues shall be resolved within 90 days of this order. A supplemental transcript containing all affidavits and interrogatories or the transcription of the court reporter's notes from any hearing or deposition, along with the trial court's supplemental findings of fact and conclusions of law, shall be forwarded to this Court within 120 days of the date of this order. Any extensions of time shall be obtained from this Court.

Filed:  September 17, 2014
Do not publish